KNIGHT et al. v. UPTON et ux.

(Division B. Nov. 3, 1930. Suggestion of Error Overruled, December 15, 1930.)

[130 So. 475. No. 28852.]

E. L. Dent, of Collins, and T. J. Wills, of Hattiesburg, for appellants.

T. J. Wills, of Hattiesburg, for appellants.

264

J. Morgan Stevens, of Jackson, for appellants.

. D. A. McIntosh, of Collins, and Sennett Conner, of Seminary, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

C. W. Upton and wife filed a bill in the chancery court against W. T. Adcock, Mrs. Julia Adcock, Moody M. Adcock, substituted trustee, V. O. Knight, W. J. Adcock, and his wife, Mrs. Valley Adcock, alleging that Upton and his wife, the complainants, on the 13th day of February, 1926, filed a bill in the chancery court against W. T. Adcock and his wife praying for the rescission of the sale of certain lands and personal property, and the cancellation of a certain warranty deed executed pursuant thereto, made by the complainants to the said W. T. Adcock and wife; that on May 3, 1926, an amended bill was filed by leave of court, and was answered on the same day by the defendants, and the cause was duly and legally tried on the 4th of May, 1926, on bill, answer, and proof, and a final decree was entered in all respects sustaining the complainant in his contentions, and under which decree there was accrued to complainants a judgment for three thousand four hundred ninety-four dollars, no part of which had been paid; from which decree the defendants W. T. Adcock and wife appealed to the supreme court without supersedeas, and the decree of the court below was affirmed by the supreme court, 110 So. 772. It was further alleged that the defendants W. T. Adcock and Julia Adcock, as was adjudicated in said cause, by fraud and misrepresentations of the defendants W. T. Adcock and his brother, Moody M. Adcock, wrongfully secured from complainants on January 18, 1926, a warranty deed to certain lands described in the bill and to certain personal property therein described; that the defendants W. T. Adcock and Julia Adcock retained possession of said lands, cultivating several hundred acres thereon, and producing thereon a large amount of cotton, corn, hay, and other products, the exact quantities of which complainant is unable to ascertain; and that the defendants in so doing either consumed, used, or sold corn, cotton seed,

cane seed, and used all the mules, tools, harness, wagons, and other personal property of the complainants in cultivating and gathering said crops; that thereafter the defendants vacated the said lands, taking with them, or otherwise disposing of, all said personal property of said complainants, and neglected, failed, and refused to return any of the personalty to the complainants, or to pay the rentals adjudged the complainants for the use of said property.

It is further alleged that W. T. Adcock, subsequent to the suit for rescission and cancellation above stated, pretended to execute a deed of trust on the crops to be grown on the said lands and the mules above mentioned in favor of V. O. Knight, who, it is charged, accepted said deed of trust with full knowledge of said pending litigation, and continued to make advances to said defendant W. T. Adcock, and even after the decree of cancellation and rescission entered by the court in favor of the complainants; and that there was a conspiracy between W. T. Adcock, M. M. Adcock, and V. O. Knight, to cheat, wrong, and defraud the complainants.

It appears that, after the suit was instituted, as above stated, in the chancery court, and while the appeal was pending in the supreme court without supersedeas, a receiver was appointed by the chancery court, on the application of Upton, to take charge of the property and crops involved in said litigation for the use and benefit of all parties, but that W. T. Adcock, M. M. Adcock, and V. O. Knight refused to yield possession thereof to the said receiver so appointed, and that V. O. Knight substituted M. M. Adcock as trustee in his deed of trust given by W. T. Adcock, and caused him to take charge of the said property, and continued to furnish M. M. and W. T. Adcock money and supplies, and permitted M. M. Adcock to dispose of the crops and personal property grown upon said premises, V. O. Knight buying some of the property at a private sale between him and the trustee

and W. T. Adcock. It was shown in the proof that the crops grown in 1926, and the live stock, were in excess of the deed of trust taken by V. O. Knight; and the chancery court, upon the hearing in the present cause, adjudged V. O. Knight's deed of trust superior, but found that the property converted by Knight and M. M. Adcock and W. T. Adcock, above the amount which V. O. Knight was entitled to in preference to the complainants, amounted to one thousand eight hundred ninety-one dollars and thirty-nine cents, and rendered judgment against said parties for said amount. He also rendered judgment against M. M. Adcock for three hundred dollars, value of tools and property converted by M. M. Adcock; and rendered judgment jointly and severally against V. O. Knight and M. M. Adcock for one thousand eight hundred ninety-one dollars and thirty-nine cents at six per cent interest from January 1, 1927, until paid, and judgment against Adcock severally for the said three hundred dollars and all costs. Costs against Adcock and Knight were joint and several.

It is contended by the appellants that the bill was multifarious, and this constitutes the principal ground relied upon for reversal. We are of the opinion that the bill is not multifarious; that the rights of all the parties to the litigation centered in, or sprang from, the property described in the bill, and the chancery court had jurisdiction to do complete justice between all the parties concerned. Roberts v. Burwell et al., 117 Miss. 451, 78 So. 357; Cumberland, etc., Co. v. Williamson, 101 Miss. 1, 57 So. 559; Tribette v. Railroad Co., 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642.

It is next contended that the court erred in rendering the decree against Knight, as Knight was not a party to the original suit referred to above between C. W. Upton and W. T. Adcock for the rescission, and that his deed of trust was made before the said suit was filed, and that he was not responsible for the conversion of the property by M. M. Adcock, trustee. It is clear from the evidence

that Knight had knowledge of the pending suit and the appeal before all of the amount furnished by him was furnished, and before the property was sold by Adcock; that a receiver had been appointed; and that it was the duty of Adcock to turn over to the receiver the property in conformity with the decree of the court. On learning of the facts involved in the suit and of the decree of rescission, it was the duty of Knight to then act so as not to prejudice the rights of Upton to the possession of the property and to not obstruct carrying out of said decree. The proof is sufficient for the chancellor to find as a fact that Knight was a participant in the defeating of the handling of the property between the receiver, and in the conversion of the property to the hurt of Upton and his rights, and the decree of the Chancellor is supported by ample testimony, and is affirmed.

Affirmed.